# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| | | |
|---|---|---|
| Case Caption:<br><br>Pastrana v. New York City Fire Department, et al. | District Court or Agency:<br><br>E.D.N.Y. | Judge:<br><br>Hon. Brian M. Cogan |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>07/31/2025, 08/18/2025 | District Court Docket No.:<br><br>24-cv-07348 |
| | Date the Notice of Appeal was Filed:<br><br>08/29/2025 | Is this a Cross Appeal?<br><br>☐ Yes   ☑ No |

| | |
|---|---|
| **Attorney(s) for Appellant(s):**<br><br>☑ Plaintiff<br><br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Sujata S. Gibson, Gibson Law Firm, PLLC, 120 E Buffalo Street, Ste. 2, Ithaca NY 14850 (607) 327-4125, sujata@gibsonfirm.law |
| **Attorney(s) for Appellee(s):**<br><br>☐ Plaintiff<br><br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Madeleine Knutson, NYC Law Department, 100 Church Street, New York, NY 10007 (212) 356-2445, mknutson@law.nyc.gov |

| Has Transcript Been Prepared?<br><br>No. | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

### IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment    ☐ Dismissal/other jurisdiction<br>☐ Dismissal/FRCP 12(b)(1)    ☐ Dismissal/merit<br>   lack of subject matter juris.    ☐ Judgment / Decision of the Court<br>☐ Dismissal/FRCP 12(b)(6)    ☑ Summary judgment<br>   failure to state a claim    ☐ Declaratory judgment<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)    ☐ Jury verdict<br>   frivolous complaint    ☐ Judgment NOV<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)    ☐ Directed verdict<br>   other dismissal    ☐ Other (specify): | ☑ Damages:    ☐ Injunctions:<br> <br>☐ Sought: $ _____    ☐ Preliminary<br>☐ Granted: $ _____    ☐ Permanent<br>☑ Denied: $ _____    ☐ Denied |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☑ Other (specify): 14th Amendment Due Process Clause | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☑ Yes    ☐ No<br><br>Will appeal raise a matter of first impression?<br>☐ Yes    ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)    Arises from substantially the same case or controversy as this appeal? ☐ Yes    ☑ No

   (B)    Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes    ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: O'Brien Pastrana

| Date: 9/23/2025 | Signature of Counsel of Record: /s/ Sujata S. Gibson |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

      **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C) ADDENDUM "A"**

### Description of the Nature of the Action

Appellant is a former firefighter with the New York City Fire Department (FDNY). Appellant suffered anaphylaxis and ongoing severe injury from the first dose of the mandated Covid-19 vaccine. He asked for medical accommodation from the second dose, but FDNY refused. Even though Plaintiff's reaction was listed as one of the few known contraindications on CDC guidance, the FDNY added an additional requirement that Plaintiff prove he was also "allergic" to the vaccine through a lab test. Plaintiff could not take that test as he was required to take immune-suppressing medication for his ongoing severe anaphylactic reaction from the first dose as documented in FDNY's own medical records. Plaintiff took the second dose against medical advice to keep his job, suffered severe myocardial injury, and is now disabled for life from the Covid-19 vaccine. Appellant asserts that the City's narrow accommodation policy was unconstitutional, shocks the conscience, and violated his substantive due process rights under the Fourteenth Amendment.

### The District Court's Holding Below/The Result Below

The District Court summarily denied Plaintiff's Fourteenth Amendment claim by granting Defendant's motion for summary judgment on July 31, 2025. On August 18, 2025, the District Court dismissed Plaintiff's case.

### Notice of Appeal, District Court Docket Sheet, Transcript and Minute Order

Appellant provides the Notice of Appeal entered August 29, 2025, the District Court's docket sheet, and the District Court's July 31, 2025 Memorandum Decision and Order and the District Court's August 18, 2025 Order dismissing the case as Exhibits A, B, C, and D respectively.

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C) ADDENDUM "B"**

**List of Proposed Issues and Applicable Standard of Review**

-Whether the City's medical accommodation policies violate Appellant's rights under the Substantive Due Process Clause (reviewed de novo).

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

OBRIAN PASTRANA,

                                              Plaintiff,

             -against-                                           24-CV-07348 (BMC)

NEW YORK CITY FIRE DEPARTMENT, NEW YORK
CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, and the CITY OF NEW YORK,


                                              Defendants.

------------------------------------------------------------------------X

### <u>NOTICE OF APPEAL</u>

Please take notice that Plaintiff Obrian Pastrana hereby appeals to the United States Court

of Appeals for the Second Circuit from (1) the July 31, 2025 Memorandum Decision and Order

entered in this action on August 1, 2025 (ECF No. 28), granting summary judgment to the

Defendants on Plaintiff's Fourteenth Amendment claim, and (2) the Order entered on August 18,

2025, dismissing the case.

Dated:  Staten Island, New York                       Respectfully submitted,
        August 29, 2025

                                              _____
                                              Christina Martinez, Esq.
                                              Law Offices of Christina Martinez
                                              245 Bricktown Way, Suite J
                                              Staten Island, NY 10309
                                              T: (347) 215-4543
                                              ChristinaMartinezEsq@gmail.com

# EXHIBIT B

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:24-cv-07348-BMC

Pastrana v. New York City Fire Department et al

Assigned to: Judge Brian M. Cogan

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 10/20/2024

Date Terminated: 08/18/2025

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Obrian Pastrana**

represented by **Sujata Sidhu Gibson**
Gibson Law Firm, PLLC
120 E Buffalo St, Suite 2
New York
Ithaca, NY 14850
607-327-3284
Fax: 607-238-4689
Email: sujata@gibsonfirm.law
*ATTORNEY TO BE NOTICED*

**Christina Marie Martinez**
Christina Martinez, Esq.
245 Bricktown Way
Suite J
Staten Island, NY 10309
347-215-4543
Email: christinamartinezesq@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**New York City Fire Department**

represented by **Madeleine Knutson**
New York City Law Department
Labor & Employment Law Division
100 Church Street, Room 2-173
New York, NY 10007
212-356-2445
Email: mknutson@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth F. Jeannite**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-2695
Email: rjeannit@law.nyc.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**New York City Department of Health and Mental Hygiene**       represented by       **Madeleine Knutson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth F. Jeannite**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of New York**       represented by       **Madeleine Knutson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth F. Jeannite**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2024 | 1 | COMPLAINT against City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department filing fee $ 405, receipt number ANYEDC-18405863 Was the Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Obrian Pastrana. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons) (Martinez, Christina) (Entered: 10/20/2024) |
| 10/21/2024 | | Case Assigned to Judge Brian M. Cogan. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (CV) (Entered: 10/21/2024) |
| 10/21/2024 | 2 | Summons Issued as to City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (CV) (Entered: 10/21/2024) |
| 10/21/2024 | 3 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (CV) (Entered: 10/21/2024) |
| 10/22/2024 | 4 | SCHEDULING ORDER: A telephonic Initial Status Conference is set for 12/6/2024 at 10:00 am. The parties are directed to call 571-353-2301 and enter Meeting ID 949146687#. See attached mandatory requirements for the conference. Ordered by Judge Brian M. Cogan on 10/22/2024. (PW) (Entered: 10/22/2024) |
| 11/08/2024 | 5 | NOTICE of Appearance by Ruth F. Jeannite on behalf of New York City Fire Department, New York City Department of Health and Mental Hygiene, City of New York (aty to be noticed) (Jeannite, Ruth) (Entered: 11/08/2024) |
| 11/20/2024 | 6 | First MOTION for Extension of Time to File Response/Reply by New York City Fire Department, New York City Department of Health and Mental Hygiene, City of New York. |

| | | |
|---|---|---|
| | | (Jeannite, Ruth) (Entered: 11/20/2024) |
| 11/20/2024 | | ORDER granting in part 6 . Defendants' answer due by 1/20/2025. Initial Status Conference adjourned 1/17/2025 at 12:00 pm. The parties are directed to call 571-353-2301 and enter Meeting ID 949146687# and are reminded of their obligations to comply with the mandatory requirements at 4 with regard to the conference. Ordered by Judge Brian M. Cogan on 11/20/2024. (PW) (Entered: 11/20/2024) |
| 01/13/2025 | 7 | Letter *Joint* by New York City Fire Department, New York City Department of Health and Mental Hygiene, City of New York (Jeannite, Ruth) (Entered: 01/13/2025) |
| 01/16/2025 | 8 | CASE MANAGEMENT STATEMENT (Jeannite, Ruth) (Entered: 01/16/2025) |
| 01/17/2025 | | Minute Entry and Order for Initial Status Conference held before Judge Brian M. Cogan on 1/17/2025. Both sides present by telephone. Plaintiff's amended complaint, if any, due 1/31/2025. Defendants' motion to dismiss due 2/14/2025. The Court set the following discovery schedule: parties to exchange Rule 26(a)(1) disclosures by 2/7/2025; serve written discovery requests by 2/21/2025; produce written discovery by 3/24/2025; complete fact depositions by 5/8/2025, the date fact discovery ends. The last day for filing a letter requesting a pre-motion conference to file dispositive motions shall be 5/15/2025. (PW) (Entered: 01/17/2025) |
| 01/29/2025 | 9 | NOTICE of Appearance by Sujata Sidhu Gibson on behalf of Obrian Pastrana (aty to be noticed) (Gibson, Sujata) (Entered: 01/29/2025) |
| 01/31/2025 | 10 | AMENDED COMPLAINT against City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department, filed by Obrian Pastrana. (Attachments: # 1 Exhibit Redlined amended complaint) (Martinez, Christina) (Entered: 01/31/2025) |
| 02/12/2025 | 11 | Letter by New York City Fire Department, New York City Department of Health and Mental Hygiene, City of New York (Jeannite, Ruth) (Entered: 02/12/2025) |
| 02/13/2025 | | ORDER re: 11 Letter. Request granted. Defendants' motion to dismiss due 2/28/2025. The parties are to serve written discovery requests by 2/28/2025.<br><br>In addition, counsel is advised that any letter filed in this action must include in the ECF entry line a brief description of the subject matter of the letter, e.g., "Letter request for extension of time to file motion to dismiss," not simply, "Letter", so that the docket remains intelligible. Also, this letter should have been designated as an ECF event Letter "Motion" since it seeks relief from the Court. Do not refile. Ordered by Judge Brian M. Cogan on 2/13/2025. (PW) (Entered: 02/13/2025) |
| 02/28/2025 | 12 | First MOTION to Dismiss for Failure to State a Claim by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Attachments: # 1 Memorandum in Support) (Jeannite, Ruth) (Entered: 02/28/2025) |
| 03/21/2025 | 13 | NOTICE of Appearance by Madeleine Knutson on behalf of City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department (aty to be noticed) (Knutson, Madeleine) (Entered: 03/21/2025) |
| 03/24/2025 | 14 | First MOTION for Extension of Time to File Response/Reply as to 12 First MOTION to Dismiss for Failure to State a Claim *Joint Letter Motion for Approval of Proposed Briefing Schedule* by Obrian Pastrana. (Martinez, Christina) (Entered: 03/24/2025) |

| 03/25/2025 | | ORDER granting 14 . Plaintiff shall file his opposition papers by April 15, 2025; Defendants shall file their reply papers by May 6, 2025. This is an extremely lengthy briefing schedule and the parties should not expect any further extensions. Ordered by Judge Brian M. Cogan on 3/25/2025. (PW) (Entered: 03/25/2025) |
|---|---|---|
| 04/15/2025 | 15 | MEMORANDUM in Opposition re 12 First MOTION to Dismiss for Failure to State a Claim filed by Obrian Pastrana. (Attachments: # 1 Exhibit FDNY Chief Medical Officer Report) (Martinez, Christina) (Entered: 04/15/2025) |
| 05/06/2025 | 16 | REPLY in Support re 12 First MOTION to Dismiss for Failure to State a Claim filed by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Knutson, Madeleine) (Entered: 05/06/2025) |
| 05/06/2025 | 17 | Letter MOTION for Extension of Time to Complete Discovery *re: Fact Discovery* by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Knutson, Madeleine) (Entered: 05/06/2025) |
| 05/07/2025 | | ORDER deferring ruling on 17 . The remedy for the failure to cooperate in or promptly pursue discovery is not an extension of time. It is a sanction under Rule 37. The Court will hold a video hearing on 5/12/2025 at 11:00 am on this motion to determine the appropriate sanction. A ZoomGov link will be emailed to counsel of record.<br><br>It is entirely possible if not probable that the Court will find that defendants, having waited from 3/31/2025 until 5/8/2025, two days before the end of discovery, to serve a deficiency letter means that defendants have waived the right to obtain the discovery they now seek as well as the imposition of substantial monetary sanctions. It is also entirely possible if not probable that the Court will find plaintiff's failure to deliver medical authorizations for any period that might lead to relevant and proportional evidence requires an order of preclusion or a substantial monetary sanction, or both. In any event, it is highly unlikely that discovery is going to be extended, so the parties may want to think of something else to resolve this issue themselves and avoid sanctions.<br><br>Since defendants have already violated this Court;s Individual Practice Rules by disguising a discovery dispute as a motion for an extension of time, and thereby prevented plaintiff from contributing to a joint discovery dispute letter as those rules require, plaintiff may submit a letter in advance of the hearing explaining why the information to be produced by the authorizations that defendants seek is not relevant or is disproportionate to the needs of the case. Ordered by Judge Brian M. Cogan on 5/7/2025. (PW) (Entered: 05/07/2025) |
| 05/08/2025 | 18 | REPLY in Opposition re 17 Letter MOTION for Extension of Time to Complete Discovery *re: Fact Discovery* filed by Obrian Pastrana. (Martinez, Christina) (Entered: 05/08/2025) |
| 05/09/2025 | | ORDER re: 18 . A hearing remains necessary to determine the appropriate sanctions. It is adjourned to 5/19/2025 at 10:00 am. The parties will use the ZoomGov link previously provided by email. Ordered by Judge Brian M. Cogan on 5/9/2025. (PW) (Entered: 05/09/2025) |
| 05/15/2025 | 19 | First MOTION for pre motion conference *regarding request to file summary judgment* by Obrian Pastrana. (Martinez, Christina) (Entered: 05/15/2025) |
| 05/15/2025 | 20 | Letter MOTION for pre motion conference *regarding Defendants' Proposed Motion for Summary Judgment* by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Knutson, Madeleine) (Entered: 05/15/2025) |
| 05/16/2025 | | ORDER. A Premotion Conference on the proposed motions 19 20 will be held together with the hearing scheduled for 5/19/2025 at 10:00 am. The parties will use the ZoomGov |

| | | link previously provided by email. Ordered by Judge Brian M. Cogan on 5/16/2025. (PW) (Entered: 05/16/2025) |
|---|---|---|
| 05/19/2025 | | Minute Entry and Order for Premotion Conference held before Judge Brian M. Cogan on 5/19/2025. Counsel for both sides appeared by video. Defendants' 17 motion for extension of time to complete discovery is denied. If either party seeks to move for summary judgment, the briefing schedule will be as follows: the parties shall file their motions for summary judgment by 6/2/2025; oppositions due 6/16/2025; replies due 6/23/2025. See transcript for details. (Court Reporter: Sophie Nolan.) (PW) (Entered: 05/19/2025) |
| 06/02/2025 | 21 | MOTION for Summary Judgment by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Attachments: # 1 Rule 56.1 Statement, # 2 Memorandum in Support, # 3 Declaration, # 4 Exhibit A- Plaintiff's Supplemental Discovery Responses, # 5 Exhibit B- Dr. Bhattacharya Declaration, # 6 Exhibit C- CDC Interim Clinical Considerations, # 7 Exhibit D- Amicus Brief of Drs. Jay Bhattacharya and R. Scott French, # 8 Exhibit E- CDC Myocarditis and Pericarditis, # 9 Exhibit F- CDC Outbreak of SARS-CoV-2 Infections, # 10 Exhibit G- Statement from CDC Director, # 11 Exhibit H- CNN Health, # 12 Exhibit I- CDC Science Brief, # 13 Exhibit J- New England Journal of Medicine, # 14 Exhibit K- Dr. Risch Declaration, # 15 Exhibit L- Dr. Mina Declaration, # 16 Exhibit M- FDNY Buck Slip, # 17 Exhibit N- Nguyen Declaration, # 18 Exhibit O- Dr. Chandswang BHS Notes November 16, 2021, # 19 Exhibit P- Dr. Olender BHS Notes December 10, 2021, # 20 Exhibit Q- Dr. Kakoulas BHS Notes November 26, 2021, # 21 Exhibit R- DOHMH Order, # 22 Exhibit S- Medical Board Recommendation) (Knutson, Madeleine) (Entered: 06/02/2025) |
| 06/02/2025 | 22 | MOTION for Summary Judgment by Obrian Pastrana. (Attachments: # 1 Rule 56.1 Statement, # 2 Memorandum in Support, # 3 Declaration Plaintiff Obrian Pastrana, # 4 Declaration Attorney Christina Martinez, # 5 Declaration Robert Banome, # 6 Affidavit Kevin Whalen, # 7 Declaration Stephen Fitzgerald, # 8 Exhibit Ex 1 - Fire Commissioner's application, # 9 Exhibit Ex 2 - BHS MD-9 Summary, # 10 Exhibit Ex 3 - New York Presbyterian After Visit Summary, 11/15/2021, # 11 Exhibit Ex 4 - Garnet Health Medical Center After Visit Summary, November 21, 2021, # 12 Exhibit Ex 5 - CDC Contraindications, # 13 Exhibit Ex 6 - BHS Examination Reports, # 14 Exhibit Ex 7 - Subchapter 2 Medical Board Recommendation, # 15 Exhibit Ex 8 - Fire Pension Fund Board Meeting Minutes, # 16 Exhibit Ex 9 - Nguyen Aff., # 17 Exhibit Ex 10 - FAQs, # 18 Exhibit Ex 11 - Nguyn Deposition Tr., # 19 Exhibit Ex 12 - FDNY tracking spreadsheet, # 20 Exhibit Ex 13 - Vasquez, Def. Resps. to Pl.'s First Set of Interrogatories, # 21 Exhibit Ex. 14 - Vasquez, Def. Supplemental Resps. to Pl.'s First Set of Interrogs, # 22 Exhibit Ex 15 - Vaccine Mandate, # 23 Exhibit Ex. 16 - State Court Verified Answer, # 24 Exhibit Ex 17 - Vaccine Mandate Amendment, # 25 Exhibit Ex. 18 - Fire Pension Fund Determinatio, # 26 Exhibit Ex. 19 - State Court Decision & Order) (Martinez, Christina) (Entered: 06/02/2025) |
| 06/13/2025 | 23 | First MOTION for Extension of Time to File Response/Reply by Obrian Pastrana. (Martinez, Christina) (Entered: 06/13/2025) |
| 06/13/2025 | | ORDER granting 23 . Oppositions due by 6/30/2025; replies due 7/7/2025. Ordered by Judge Brian M. Cogan on 6/13/2025. (PW) (Entered: 06/13/2025) |
| 06/30/2025 | 24 | MEMORANDUM in Opposition re 22 MOTION for Summary Judgment filed by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Attachments: # 1 Rule 56.1 Statement in Opposition to Plaintiff's Rule 56.1 Statement) (Knutson, Madeleine) (Entered: 06/30/2025) |

| 06/30/2025 | 25 | MEMORANDUM in Opposition re 21 MOTION for Summary Judgment filed by Obrian Pastrana. (Attachments: # 1 Rule 56.1 Statement In opposition to Def. Rule 56.1 Statement) (Gibson, Sujata) (Entered: 06/30/2025) |
| --- | --- | --- |
| 07/07/2025 | 26 | REPLY in Support re 21 MOTION for Summary Judgment filed by City of New York, New York City Department of Health and Mental Hygiene, New York City Fire Department. (Knutson, Madeleine) (Entered: 07/07/2025) |
| 07/07/2025 | 27 | REPLY in Support re 22 MOTION for Summary Judgment filed by Obrian Pastrana. (Martinez, Christina) (Entered: 07/07/2025) |
| 08/01/2025 | 28 | MEMORANDUM DECISION AND ORDER re: the City's motion for summary judgment on Pastrana's Fourteenth Amendment claim is granted. The parties are ORDERED TO SHOW CAUSE within 14 days why the Court should not decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims. ( Ordered by Judge Brian M. Cogan on 7/31/25 ) (RG) (Entered: 08/01/2025) |
| 08/18/2025 | | ORDER DISMISSING CASE. "[W]hen dismissal of federal claims occurs on summary judgment, the 'default rule' is that state law claims should be dismissed without prejudice to refiling in state court." Bonaffini v. City Univ. of New York, 751 F. Supp. 3d 67, 81 (E.D.N.Y. 2024). The parties have not responded to the Court's 8/1/2025 ORDER TO SHOW CAUSE why the Court should not follow this default rule and decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims. Nor does the Court find any such reason. "[B]alanc[ing] the values of judicial economy, convenience, fairness, and comity," Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006), there is no unfairness or inconvenience in the parties litigating the remaining claims in state court. Ordered by Judge Brian M. Cogan on 8/18/2025. (PW) (Entered: 08/18/2025) |
| 08/29/2025 | 29 | NOTICE OF APPEAL by Obrian Pastrana. Filing fee $ 605, receipt number ANYEDC-19399332. Appeal Record due by 10/8/2025. (Martinez, Christina) (Entered: 08/29/2025) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 09/23/2025 12:09:59 | | |
| PACER Login: | siouxjata | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:24-cv-07348-BMC |
| Billable Pages: | 6 | Cost: | 0.60 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

OBRIAN PASTRANA,                                  :
                                                  :
                          Plaintiff,              :
                                                  :   **MEMORANDUM DECISION AND**
            -against-                             :   **ORDER**
                                                  :
NEW YORK CITY FIRE DEPARTMENT,                    :   24-cv-7348 (BMC)
NEW YORK CITY DEPARTMENT OF                       :
HEALTH AND MENTAL HYGIENE, and the                :
CITY OF NEW YORK,                                 :
                                                  :
                          Defendants.             :
------------------------------------------------------------ X

**COGAN**, District Judge.

This decision joins the growing body of case law regarding vaccines as a condition of

employment.  Plaintiff Obrian Pastrana contends that defendants New York City Fire

Department, New York City Department of Health and Mental Hygiene, and the City of New

York (collectively, the "City") violated his substantive due process rights under the Fourteenth

Amendment by requiring him to receive both doses of the COVID vaccine to keep his job,

despite a severe allergic reaction to the first dose.[1]  Pastrana also brings several city and state law

claims based on the City's failure to accommodate him.  This case is before the Court on the

City's motion for summary judgment and Pastrana's motion for partial summary judgment.

Because Pastrana fails to identify a fundamental right or illustrate why the City's vaccine

policy fails rational basis review, either facially or as applied to Pastrana, the City's motion for

summary judgment on Pastrana's substantive due process claim is granted.  The Court will order

---

[1] Defendants argue that the Department of Health and Mental Hygiene is a mere agency of New York City and thus is not a juridical entity that can be sued.  See N.Y.C. Charter § 396; Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). Plaintiff has not opposed and DOH is therefore dismissed on that basis.

the parties to show cause why it should continue to exercise supplemental jurisdiction over the remaining city and state law claims.

## BACKGROUND

Plaintiff Obrian Pastrana is a former firefighter with the New York City Fire Department ("FDNY").  In response to the COVID-19 pandemic, the City instituted a vaccine mandate for all first responders.  FDNY had an exemption policy that allowed firefighters to obtain medical and religious accommodations by submitting a request to the Equal Employment Office via email.

Before the vaccine mandate deadline, Pastrana got the first dose of the COVID-19 vaccine.  Upon receiving the vaccine, Pastrana experienced sweats, arm soreness, hives, swelling, and chills.

Pastrana requested medical leave due to his reaction to the first dose, and FDNY granted him four days of leave.  During this period, Pastrana reported to the FDNY Bureau of Health Services ("BHS") medical clinic, as was required by FDNY for firefighters on medical leave.  A BHS physician diagnosed Pastrana with COVID-19 side effects.  Pastrana recalls that after expressing concern about getting the next dose, the BHS physician told Pastrana that he would need to be fully vaccinated regardless.

A few days after Pastrana returned to work from medical leave, he was rushed from the firehouse to the hospital because coworkers noticed his face, torso, leg, and foot swelling rapidly. The following day, Pastrana went to a BHS clinic again to be evaluated by an FDNY physician. Once again, Pastrana requested a medical exemption from the physician to avoid the second dose of the COVID-19 vaccine.  The physician told Pastrana that he would need an allergy test to request an exemption.

Pastrana then met with an allergist who was not associated with FDNY. The allergist told Pastrana that he could not receive an allergy test because he was on prednisone for his previous (and ongoing) allergic reaction. Pastrana ultimately decided to receive the second dose of the COVID-19 vaccine. After the second dose, he again had swelling and hives and needed to be transported to the hospital. Pastrana was diagnosed as having developed myocarditis – a heart condition that can lead to sudden incapacitation – from the vaccine doses.

The BHS Committee, which is the body that determines whether a firefighter can continue to perform the duties of a firefighter, determined that Pastrana was not fit for firefighting and needed to be retired for disability. The Fire Pension Fund Board of Trustees granted Pastrana ordinary disability retirement rather than disability related to a service accident, which would have provided a better benefit package to Pastrana.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, a court can grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A court must "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (quotation marks and quotation omitted). When more than one party moves for summary judgment, it does "not alter [this] basic standard, but simply require[s] the court to determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute." AFS/IBEX v. AEGIS Managing Agency Ltd., 517 F. Supp. 3d 120, 123 (E.D.N.Y. 2021) (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)). A court need not grant summary judgment for any party, "[r]ather, each party's motion must be examined on its own merits, and in each case all

reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citing Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981)).

The City has moved for summary judgment on Pastrana's claims under the Fourteenth Amendment, New York City Human Rights Law, and New York State Human Rights Law. Pastrana has moved for summary judgment on his claims under the New York City Human Rights Law and New York State Human Rights Law.

## DISCUSSION

Pastrana asserts that the narrow accommodation policy for the vaccine mandate was unconstitutional as applied to him, violating his substantive due process rights under the Fourteenth Amendment.

Courts analyze substantive due process claims using a two-step process. First, the Court must identify the relevant fundamental right. Second, assuming there is one, the plaintiff "must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021) aff'd, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021) (quoting Hurd v. Fredenburgh, 984 F.3d 1075, 1087 (2d Cir. 2021)). If there is not an implicated fundamental right, rational basis review applies, which requires the government action to be "rationally related to legitimate government interests." Washington v. Glucksberg, 521 U.S. 702, 728 (1997) (citations omitted).

## I.    Fundamental Right

All rights are not deserving of special treatment; only those rights that are "deeply rooted in this Nation's history and tradition." Washington, 521 U.S. at 720-21 (quotation and citations

4

omitted). These fundamental rights are "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Id. (internal quotation marks and quotation omitted).

There is no general fundamental right to reject a vaccine mandate imposed for the purpose of public health and safety. See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905). Furthermore, the Second Circuit and the Supreme Court "have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 293 (2d Cir. 2021), opinion clarified, 17 F.4th 368 (2d Cir. 2021) (citations omitted); see also Phillips v. City of New York, 775 F.3d 538 (2d Cir. 2015) (upholding a mandatory vaccination regime with medical and religious exemptions). In Patriots, 17 F.4th at 293-94, the Second Circuit found that the COVID-19 vaccine mandate, specifically, was facially constitutional as a condition of employment.[2]

In the same case in which the Supreme Court held that vaccine mandates do not implicate a fundamental right under the Fourteenth Amendment, the Supreme Court "deem[ed] it appropriate . . . to observe . . . that the police power of a state . . . may be exerted in such circumstances, or by regulations so arbitrary and oppressive in particular cases, as to justify the

---

[2] Pastrana's attempt to cast the COVID-19 vaccine as a medical treatment in order to implicate the fundamental right to refuse medical treatment is unpersuasive. The Second Circuit has repeatedly applied Jacobson to COVID-19 cases, indicating that COVID-19 vaccines are vaccines and not medical treatments. See We The Patriots USA, Inc., 17 F.4th at 293. Furthermore, even if the COVID-19 vaccine does more to treat COVID than prevent it, the Second Circuit has held "that weighing scientific evidence and the effectiveness of vaccines is the role of state policymakers, not Plaintiffs." Bellatoni v. Lamont, No. 23-656, 2023 WL 8889516, at *1 (2d Cir. Dec. 26, 2023) (citation omitted). The fundamental right to bodily integrity is not at issue in cases where parties have a choice between the vaccine and their job. See Legaretta v. Macias, 603 F. Supp. 3d 1050, 1063 (D.N.M. 2022); see also Maniscalco, 563 F. Supp. 3d at 38-39 (vaccine mandates do not rise to the level of a substantive due process violation when they allow employees to choose between the job and the vaccine so long as there are alternatives within the same profession.).

interference of the courts to prevent wrong and oppression." Jacobson, 197 U.S. at 38.  The

Supreme Court recognized that a vaccine mandate without a medical exemption, and imposed on

all people, not solely imposed as a condition of employment, would require judicial intervention:

> It is easy . . . to suppose the case of an adult who is embraced by the mere words
> of the act, but yet to subject whom to vaccination in a particular condition of his
> health or body would be cruel and inhuman in the last degree.  We are not to be
> understood as holding that the statute was intended to be applied to such a case,
> or, if it was so intended, that the judiciary would not be competent to interfere and
> protect the health and life of the individual concerned.

Id. at 38-39.  Thus, when there is a specific and documented medical risk, the courts have

a place to consider the level of choice the vaccine recipient has in taking the vaccine or

not.

This case differs from Jacobson, where an individual could be at risk of harm from a

government mandate that applied to everyone.  In this case, Pastrana always had a choice

between receiving the vaccine and keeping his job.  See Maniscalco, 563 F. Supp. 3d at 38-39.

Assuming, in Pastrana's favor, that the City denied his accommodation request, he was free to

decide between taking the vaccine or seeking different employment.  The burdened right in this

case is not the right to be free from unwanted medical treatment, but rather the right to specific

employment.  Although it was a difficult decision, ultimately, Pastrana had to choose between

his job with the FDNY and getting the vaccine.  At all times, Pastrana was free not to receive the

second dose of the COVID-19 vaccine, potentially sacrificing his career.  Therefore, the

burdened right is not the right of bodily integrity or preservation, but rather the right to specific

employment.

There is a general right to choose and pursue employment in the field that one desires,

"but a right which is nevertheless subject to reasonable government regulation." Conn v.

Gabbert, 526 U.S. 286, 291-92 (1999) (citations omitted).  The right to employment is the right to pursue a particular occupation, not the right to a specific job.  See Parsons v. Pond, 126 F. Supp. 2d 205, 217 (D. Conn. 2000) (citations omitted); see also Maniscalco, 563 F. Supp. 3d at 38-39.  "[T]he right of occupational choice is afforded Due Process protection only when a plaintiff is completely prohibited from engaging in his or her chosen profession."  Id. at 38 (quoting Hu v. City of New York, 927 F.3d 81, 102 (2d Cir. 2019)).

Pastrana does not put forth any evidence that he was barred from getting another firefighting job with a different department or in a neighboring state had he decided not to get the COVID-19 vaccine.  Therefore, Pastrana fails to demonstrate that his right to pursue firefighting as an area of employment was implicated by the COVID-19 vaccine mandate's narrow accommodation policy.  Because Pastrana does not identify a fundamental right implicated by the City's actions or policies, he fails to establish the first element of a substantive due process claim.

## II.       Rational Basis Review

When there is no fundamental right at issue, as is the case here, the Court evaluates the law to see if it is "rationally related to legitimate government interests."  Washington, 521 U.S. at 728.  For as-applied challenges, the Court must determine whether the law, as applied to a specific plaintiff, is rationally related to a legitimate government interest.  See id.; see also Goe v. Zucker, 43 F.4th 19, 30 (2d Cir. 2022).  Requiring an allergy test before granting a medical exemption could have been precisely because the City did not want to arbitrarily deny or grant accommodations for allergies without medical confirmation of those allergies.  Nothing could be more rational. Alternatively, the City could have determined that denying an accommodation for Pastrana would better serve the public health and safety by allowing fewer unvaccinated first

responders. As <u>Jacobson</u> established over 100 years ago, the needs of the community can outweigh the desire for an exception for one individual. The same is true here. Although this Court, Pastrana, or any number of other individuals could have come to a different conclusion regarding Pastrana's accommodation request, the City's decision was rationally related to the legitimate interest of protecting public health in the face of a global pandemic.

## CONCLUSION

For the reasons above, the City's motion for summary judgment on Pastrana's Fourteenth Amendment claim is granted. The parties are ORDERED TO SHOW CAUSE within 14 days why the Court should not decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims.

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
     July 31, 2025

8

# EXHIBIT D

Case: 25-2104, 10/02/2025, DktEntry: 21.1, Page 23 of 25

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:24-cv-07348-BMC Pastrana v. New York City Fire Department et al Order Dismissing Case |
| **Date:** | Monday, August 18, 2025 10:18:17 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*Additional Security Enhancements Coming Soon\*\*\* For information visit PACER website**

**https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 8/18/2025 at 10:16 AM EDT and filed on 8/18/2025

**Case Name:** Pastrana v. New York City Fire Department et al
**Case Number:** 1:24-cv-07348-BMC
**Filer:**
**WARNING: CASE CLOSED on 08/18/2025**
**Document Number:** No document attached

**Docket Text:**
**ORDER DISMISSING CASE. "[W]hen dismissal of federal claims occurs on summary judgment, the 'default rule' is that state law claims should be dismissed without prejudice to refiling in state court." Bonaffini v. City Univ. of New York, 751 F. Supp. 3d 67, 81 (E.D.N.Y. 2024). The parties have not responded to the Court's 8/1/2025 ORDER TO SHOW CAUSE why the Court should not follow this default rule and decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims. Nor does the Court find any such reason. "[B]alanc[ing] the values of judicial economy, convenience, fairness, and comity," Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006), there is no unfairness or inconvenience in the parties litigating the remaining claims in state court. Ordered by Judge Brian M. Cogan on 8/18/2025. (PW)**

**1:24-cv-07348-BMC Notice has been electronically mailed to:**

Sujata Sidhu Gibson     sujata@gibsonfirm.law, ariana@gibsonfirm.law, paralegal@gibsonfirm.law

Christina Marie Martinez     christinamartinezesq@gmail.com

Madeleine Knutson     mknutson@law.nyc.gov

Ruth F. Jeannite     rjeannit@law.nyc.gov

**1:24-cv-07348-BMC Notice will not be electronically mailed to:**